## UNION NATIONAL MILL CO. v HAWKINS et

Common Pleas Court, Greene Co.

No. 22096. Decided Jan. 19, 1940.

George H. Smith, Xenia, and Cole & Hodge, Springfield, for plaintiff.

Marcus Shoup, Xenia, and Marshall & Marshall, Xenia, for defendants.

## OPINION

By JOHNSON, J.

This was an action filed by the Union National Mill Company against the board of county commissioners of Greene county, Ohio, charging that the county commissioners had been guilty of negligence in maintaining a certain bridge on a county road or highway known as the Selma-Jamestown road, and that on or about September 22, 1939, an employee of the plaintiff was driving a tractor and trailer twenty-nine feet and two inches in length and weighing about thirteen and one-half tons, including cargo, on the said road, and that after he had gotten onto the bridge it game way and the tractor and trailer were precipitated into the creek bed and that the tractor and trailer caught on fire and it together with the contents was totally destroyed, and asking damages in the sum of forty-five hundred dollars ($4,500). The petition further alleges that the county commissioners had knowledge of the faulty condition of the bridge for a period of two years preceding the accident.

A demurrer was filed to this petition by the defendants, and it was upon the demurrer that the matter was submitted to the court.

The petition in setting out the gross weight of the tractor and cargo says that it did not exceed thirteen and one-half tons, and it was agreed by counsel that the matter should be made definite as to the weight, and it is understood by the court that the correction to be made would state that the trailer and tractor and load weighed about thirteen and one-half tons. It was contended by the attorneys for the county commissioners that under §7248-3 this was an excessive load for the length of the tractor and trailer and that, therefore, the petition did not state a cause of action. It was contended by attorneys for plaintiff that §7248-3 did not apply and that §7248-1 is the section which applies. §7248-3 provides as follows:

"The following shall be the lengths and weights of vehicles and combina-

tions of vehicles operated under the provisions of this chapter, subject to the exceptions otherwise stated in this chapter: Each vehicle, length over all, thirty-five feet, gross weight including load, twelve tons, maximum weight per single axle, nine tons; commercial tractor and semi-trailer in combination, length overall, forty feet, gross weight including load, twenty-one tons, maximum weight per single axle, nine tons; any other combination of vehicles, length over all, sixty feet, gross weight including load, thirty-three tons, maximum weight per single axle, nine tons."

The pertinent parts of §7248-1 are as follows:

"No vehicle shall be operated upon the improved public highways and streets, bridges or culverts within this state, having a gross weight, including load, greater than sixteen thousand pounds on both wheels of one axle * * *," et cetera. When you read these two sections together, the court thinks that what the legislature meant to do was to provide that when one vehicle by itself was not over thirty-five feet long, the gross weight, including the load, would be twelve tons, but if you had a combination of two vehicles and their entire length did not exceed forty feet, then they might have a gross weight, including load, of twenty-one tons, and if it exceeded in length forty feet but was sixty feet or less, then the maximum weight would be thirty-three tons.

A vehicle is defined by Webster's New International Dictionary as follows:

"That in or on which any person or thing is or may be carried."

**Sec. 6290 GC,** defines vehicle as follows:

"Vehicle means everything on wheels or runners except vehicles operated exclusively on rails * * *," et cetera.

In this case there was more than one vehicle, to-wit: a tractor and a trailer,

and the entire length was twenty-nine feet, two inches, and its gross weight, including load, was approximately thirteen and one-half tons. Therefore, the court thinks that it was within the limitation of the statute, and the demurrer is, therefore, overruled.